UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NIZZA P. EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-18 NCC |
| | ) |
| JASON WOOSLEY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on six pages of documents filed by self-represented plaintiff Nizza P. El. These documents include: (1) a Court-form Notice Regarding Magistrate Jurisdiction, on the caption of which he wrote his name as the plaintiff and Jailer Jason Woosley as the defendant, and added the words "Criminal Complaint";[1] (2) four pages of notebook paper on which plaintiff hand-wrote his statement of the claim; and (3) a one-page Grayson County Detention Center Grievance Form. ECF No. 1. The Court construes this filing together as a civil rights complaint brought pursuant to 42 U.S.C. § 1983 against Jason Woosley. Upon review, however, the Court finds this action should be dismissed for lack of proper venue.

### Complaint

Plaintiff is currently incarcerated at Grayson County Detention Center ("GCDC") in Leitchfield, Kentucky. He alleges that on December 23, 2021, he was "removed from Randolph County Jail located in the City of Chester[,] Ill[inois]," "placed in a van and cuffed," and transferred to GCDC. Plaintiff asserts his due process rights have been violated as follows:

---

[1] In the body of the Notice Regarding Magistrate Judge Jurisdiction, plaintiff listed the following names: "Capt James, Bo Thore J-2, Capt Dave J-80." These names are not included in the caption of the Notice, and plaintiff does not allege any facts concerning these persons in his filings. The Court finds these persons are not named as defendants in this action.

> (A) Property not being brought to me by Grayson County Deputies; (B) Violation of not giving me my said medicine; (C) Violation of Affecting Interstate Commerce by not giving Grayson County my Consent to Drive or Transport me across State Line or County Line; (D) Officers kidnapped me placed me in leg iron and ankle cuffs; (E) I was forced to be undressed and strip search[ed] for intake at Grayson County by son [sic] Caucasian who I have not met.

ECF No. 1 at 1. Plaintiff further asserts his constitutional rights have been violated at GCDC because he was served inadequate meals, subjected to overcrowding in cells, exposed to cigarette smoke, and denied medical care. *Id.* at 1-3. Plaintiff filed a Grievance form complaining about the meals he was served on December 23 and 24, 2021. *Id.* at 5.

Plaintiff makes no factual allegations as to any actions taken by defendant Woosley, but appears to request that Woosley be fined, incarcerated, or "sentenced to death." *Id.* at 4.

### Discussion

Plaintiff has alleged no basis upon which to conclude that venue lies in this Court. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff names Jason Woosley, Jailer at the Grayson County Detention Center located in Leitchfield, Kentucky, as the sole defendant. Plaintiff does not allege that defendant Woosley resides in the Eastern District of Missouri, and based on the assertions of the complaint, the Court has no reason to believe he is a resident of Missouri. *See* 28 U.S.C. § 1391(b)(1). Additionally,

plaintiff's claims arise entirely from events which occurred in a facility located within the State of Kentucky and presumably all the witnesses are located in Kentucky. *See* 28 U.S.C. § 1391(b)(2). None of the requirements of § 1391 are present in this case.

Therefore, venue in the Eastern District of Missouri is not proper and the Court will dismiss this action as a result.[2] If plaintiff wishes to bring a claim against defendant Woosley, such an action should be filed in the United States District Court for the Western District of Kentucky, the district in which GCDC is located. *See* 28 U.S.C. § 97(b).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for lack of proper venue. *See* 28 U.S.C. § 1406(a). A separate Order of Dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of January, 2022.

*[signature: Ronnie L. White]*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[2]The Court finds it would not be in the interest of justice to transfer this case under 28 U.S.C. § 1406(a) because the allegations are not drafted on a Court-provided form, plaintiff has not paid the required filing fee or submitted a motion to proceed *in forma pauperis*, and the factual allegations presented are devoid of sufficient facts against the named defendant to support a claim for relief. Self-represented litigants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts, or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded).